# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| AMANDA PATEL, *individually and on behalf of all other similarly situated*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| BEAUFORT COUNTY SCHOOL DISTRICT, | )<br>) |
| Defendant. | )<br>)<br>) |

No. 9:22-cv-00384-DCN

**ORDER**

This matter is before the court on defendant Beaufort County School District's (the "District") motion to dismiss, ECF No. 4. For the reasons set forth below, the court grants the motion to dismiss without prejudice.

## I. BACKGROUND

This case concerns the alleged failure to pay teachers due compensation for providing dual modality instruction during the COVID-19 pandemic. On April 23, 2021, South Carolina governor Henry McMaster signed Senate Bill 704 ("S. 704")[1] into law. S. 704, 124th Leg., 1st Reg. Sess. (S.C. 2021). The law principally required that every school district in the State return to five-day, in-person classroom instruction by no later than April 26, 2021. Section Three of S. 704, titled "Duality-modality instruction requirements, limitations," prohibited school districts from assigning teachers "to deliver instruction to students simultaneously in-person and virtually, an approach often referred to as 'dual-modality instruction', unless it is reasonable and necessary due to extreme and

---

[1] The complaint refers to the law as the "Dual Modality Law," and the motion to dismiss refers to it as "Act 102."

1

unavoidable circumstances." Id.  The section further provided that "[i]n the event that a school district determines it is necessary for a teacher to deliver dual-modality instruction, the school district must provide additional compensation to the teacher." Id.

On August 12, 2021, the District revised the Beaufort County School District Salary and Stipend Schedules for the 2021–22 school year (the "Salary Schedule").  The Salary Schedule states that any teachers who "provided any instructional duties beyond the scope of their normal work schedule at the request of the school or district will be paid at the rate of $27.87 per hour for this work." ECF No. 1-1, Compl. at 38.  According to the complaint, each teacher's employment contract, including plaintiff Amanda Patel's ("Patel"), provides that teachers are to be paid according to the Salary Schedule.  On September 7, 2021, the Beaufort County Board of Education (the "Board") adopted a proposal to pay teachers $1,000, in addition to their regular salary, for providing dual-modality instruction in the first semester of the 2021–22 school year.  Patel is a teacher in the Beaufort County School District.  Patel alleges that the District improperly allowed the Board to vote to pay $1,000 for dual-modality instruction, in breach of the revised Salary Schedule.

On December 8, 2021, Patel filed her complaint against the District as a representative of a putative class of similarly-situated individuals in the Beaufort County Court of Common Pleas, alleging (1) breach of contract, (2) unlawful taking, (3) promissory estoppel, (4) violation of due process, (5) declaratory judgment relief, (6) injunctive relief, (7) equitable estoppel, and (8) violation of the South Carolina Payment

of Wages Act. Compl. On February 8, 2022, the District removed the action to this court.[2] ECF No. 1.

On February 14, 2022, the District filed its motion to dismiss. ECF No. 4. Patel responded in opposition on February 28, 2022, ECF No. 6, and the District replied on March 7, 2022, ECF No. 8. The court held a hearing on the motion on April 21, 2022. ECF No. 9. As such, the motion has been fully briefed and is now ripe for review.

## II.   DISCUSSION

The District moves for the court to dismiss Patel's complaint in its entirety on two separate grounds. First, the District argues that the court lacks subject matter jurisdiction under Rule 12(b)(1) for want of standing, lack of ripeness, and failure to exhaust. Second, the District requests that the court dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). The court finds that Patel lacks standing to bring her claims as they are currently pleaded, and therefore, the court dismisses the complaint and does not reach the merits of the District's Rule 12(b)(6) motion to dismiss.

The District asks the court to find that it lacks subject matter jurisdiction to hear this case under Rule 12(b)(1) because Patel fails to plead a justiciable controversy. If a plaintiff does not have standing or the controversy is not sufficiently ripe, the court must dismiss the action for lack of subject matter jurisdiction. See Middleton v. Andino, 488 F. Supp. 3d 261, 278 (D.S.C. 2020), appeal dismissed as moot, 2020 WL 8922913 (4th

---

[2] The District stated in its notice of removal, without elaborating, that removal was on the basis of federal question jurisdiction. ECF No. 1 ¶ 6. At the hearing, the District further explained that Patel asserted an unlawful taking under both the United States and South Carolina Constitutions.

Cir. Dec. 17, 2020) ("Standing implicates the court's subject matter jurisdiction and is governed by Federal Rule of Civil Procedure 12(b)(1)."). The District argues that Patel lacks Article III standing, Patel's claims are not ripe for adjudication, and Patel has not exhausted her administrative remedies. Because Patel has failed to show an injury-in-fact, the court finds that Patel lacks Article III standing, and as such, it does not reach the issues of ripeness or exhaustion.

"[T]he irreducible constitutional minimum of standing contains three elements." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). First, a plaintiff must demonstrate an "injury-in-fact," which is a "concrete and particularized . . . invasion of a legally protected interest." Id. Second, "there must be a causal connection between the injury and the conduct complained of, meaning that the injury must be "fairly . . . trace[able] to the challenged action of the defendant." Id. Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. Generally, a claim of future injury is insufficient to establish an injury-in-fact. See Clapper v. Amnesty Int'l USA, 568 U.S. 398, 416 (2013) (finding that declaratory-judgment plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending").

The plaintiff bears the burden of proving that subject matter jurisdiction exists. Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty., 523 F.3d 453, 459 (4th Cir. 2008). Importantly, the overriding motion-to-dismiss standard applies to the inquiry of standing, meaning that "a suit will not be dismissed for lack of standing if there are sufficient 'allegations of fact'—not proof—in the complaint or supporting affidavits."

Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 65 (1987). Plausible, good-faith allegations that, if true, would satisfy the standing requirements will sufficiently preclude dismissal. See id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nevertheless, the court may "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

The District argues that Patel has failed to prove the first element under the traditional standing inquiry—an injury-in-fact—"thus obviating consideration of the second two elements." ECF No. 4-1 at 7. The complaint merely alleges that Patel is a teacher and that teachers who perform dual-modality instruction are entitled to additional compensation, but the complaint never alleges that Patel herself delivered dual-modality instruction. According to the District, the complaint thus contains no factual allegations of a concrete and particularized injury because Patel cannot establish that she provided dual-modality instruction for which she was entitled to additional compensation.

In response, Patel argues that the court may draw an "inference" from the complaint that she provided dual-modality instruction. ECF No. 6 at 2. According to Patel, the complaint states that she is a member of the proposed class, and the proposed class is limited to teachers who performed dual-modality instruction; therefore, Patel must be a teacher who provided such instruction. While sufficient allegations of fact will satisfy the standing requirements at the motion to dismiss stage, there are no factual allegations in the complaint that Patel offered dual-modality instruction. Instead, to reach that conclusion, the court must rely on the allegation that Patel is a member of a putative

class of teachers that provided dual-modality instruction. However, in considering a motion to dismiss, a plaintiff is obligated to provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Similarly, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept "unwarranted inferences." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)). Therefore, the court finds that based on the face of the complaint, Patel has failed to allege standing.

Both parties further seek to present evidence outside of the pleadings without converting the proceeding to one for summary judgment. Even if the court were to look beyond the specific factual allegations, it would find that it lacks subject matter jurisdiction. In its motion to dismiss, the District provides a report that purportedly lists the names of teachers at Whale Branch Middle School—where Patel teaches—who provided dual modality instruction in the first semester of the 2021–22 school year. ECF No. 4-3. Patel's name is absent from the list. Id. In response, Patel claims she provided dual-modality instruction in the fall semester of 2021, and her name is likely missing from the list because the District never instructed her and other teachers on how to report their time spent providing such instruction. Patel also provides an affidavit attached to her response to the motion to dismiss. In that affidavit, Patel states that as part of her employment during the fall of 2021, she "was required to provide remote video instruction to students who could not attend class in person due to the COVID pandemic by the Defendant Beaufort County School District." ECF No. 6-1, Patel Aff. ¶ 4. What is good for the goose is good for the gander, and if the court were to give weight to the

6

District's report, it should give due consideration to Patel's affidavit. The affidavit affirms that Patel provided remote video instruction in the fall of 2021. In reply, the District argues that providing remote video instruction is not the same as providing dual-modality instruction, but to the extent that there is a material difference, evidence of that difference is not properly before the court.

Rather, the District's most compelling argument in response to the affidavit is that even if the court were to adopt it as evidence, the complaint and affidavit together still do not demonstrate an injury-in-fact because Patel must allege that she provided more than 35.88 hours of dual-modality instruction. The District reaches this number by taking the $1,000 that was actually provided to teachers and dividing it by the hourly rate of $27.87 found in the Salary Schedule. In other words, if Patel performed less than that number of hours of dual-modality instruction, she would have earned more money under the Board's adopted plan than she would have if the District had followed the Salary Schedule.[3]

The court agrees that Patel's failure to allege more than 35.88 hours of dual-modality instruction in the complaint further evinces a lack of standing. At its core, each cause of action in the complaint alleges that the District failed to follow its revised Salary Schedule. Even the request for injunctive relief, for example, seeks an injunction enjoining the District from applying the Board's plan to the teachers due to the economic harm that would befall the teachers. While Patel is correct that an economic injury is one

---

[3] In evaluating this argument, the court presumes, for the limited purpose of deciding standing, that the $1,000 payment was intended to cover the same instruction contemplated in the Salary Schedule's provision for "any instructional duties beyond the scope of [the teachers'] normal work schedule." Compl. ¶ 11. The court recognizes that the District disputes this claim in its Rule 12(b)(6) motion to dismiss.

of the paradigmatic forms of asserting an injury-in-fact, the plaintiff must suffer a legally cognizable economic loss—here, that would be the supposed loss between the money provided by the Salary Schedule and the Board plan. See Chambers v. Actavis Totowa, LLC, 2010 WL 2509774, at *2 (S.D. W. Va. June 17, 2010) (finding that a class representative lacked standing to bring a claim for economic injury because he suffered no actual financial harm and because the plaintiff's standing argument cannot be based on "a hypothetical set of circumstances"); see also Anderson v. F.E.R.C., 333 F. App'x 575, 576–77 (D.C. Cir. 2009) (analyzing lack of economic injury as a matter of redressability). Counsel for Patel represented at the hearing that Patel accepted the $1,000 payment. Counsel for Patel further agreed at the hearing that if Patel taught, for example, thirty-two hours, then under her theory of the case, she would have received an economic windfall from the $1,000 payment and would thus lack standing. The court thus concludes that the failure to allege that Patel worked more than 35.88 hours results in a failure to allege an injury-in-fact.

Patel proceeds to the second element of standing and argues that the District's decision to pay out less than four percent of the $61 million in additional funds it received from the State to address hardships created by the COVID-19 pandemic is causally connected to her economic injury. However, for the reasons discussed above, Patel fails to argue how she has a personal stake in the controversy. Finally, even if the court reaches the final prong of the standing inquiry—redressability—Patel's claim that "the payment of money to her and the proposed class would make them whole" is unsupported by the allegations set forth in her complaint. See ECF No. 6 at 5. In Patel's case, it is unclear whether there is any deficit to be made whole. Patel correctly notes

that discovery in this case has not begun, and that is precisely why factual allegations may suffice to establish a prima facie showing of jurisdiction; however, she has failed to present even <u>de minimis</u> allegations about her provision of dual-modality instruction and of the requisite number of hours. In the absence of such allegations, the complaint fails to present more than a mere advisory question for the court to decide, at least as it relates to Patel.

Finally, the District concedes that if Patel can properly allege that she performed more than 35.88 hours of dual-modality instruction, Patel may be able to show an injury-in-fact. The court agrees that even though Patel has failed to sufficiently allege an injury-in-fact, it is plausible that she may be able to do so in a second bite of the apple. Therefore, the court dismisses the complaint without prejudice. If the case makes its way back to federal court, Patel will not be barred from presenting her claims.

### III.  CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss without prejudice.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 29, 2022**
**Charleston, South Carolina**